Annie E. Smith *v.* Andrew Reimer, Executor of the Estate of George G. Reimer, M. D., deceased, Appellant.

*Contract—Nursing—Decedents' estates.*

In an action on an oral contract for nursing a decedent, the evidence tended to show that the decedent being infirm made a contract with plaintiff to board, nurse and care for him during the remainder of his life. The decedent was to build a house of eight rooms, four of which were to be for his own use, and four for the use of the plaintiff and her family. Here she was to board and nurse him while he lived, and he was to pay her $6.00 per week for his board and give her the house for her care and attention to him. Decedent paid his board, but did not secure the house to the plaintiff by will or any other form of conveyance. *Held*, (1) that as the action was for care and attention given, evidence as to the price of board in the neighborhood was immaterial, inasmuch as the board had always been paid, and there was no controversy in reference to it;

(2) that evidence as to what would be a fair rental for the four rooms occupied by the plaintiff was immaterial, as the contract did not provide for rent; (3) that the questions were whether the services as nurse had actually been performed under a promise that they should be paid for, and what was their value; (4) that a verdict and judgment for plaintiff should be sustained.

Argued Nov. 3, 1896. Appeal, No. 126, Oct. T., 1896, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T. 1895, No. 1065, on verdict for plaintiff. Before STER-RETT, C. J., WILLIAMS, MCCOLLUM, MITCHELL, and FELL, JJ. Affirmed.

Assumpsit on a contract for nursing. Before WHITE, J.

The terms of the contract are stated in the opinion of the Supreme Court.

The defendant offered to show by his own testimony and that of other witnesses what the average market rates for table board were in the neighborhood in which the plaintiff and Dr. Reimer resided during the time for which plaintiff seeks to recover in this action, and also to prove what was a fair rental value for the house in which the parties lived, so far as the same was occupied by the plaintiff; this for the purpose of aiding the jury in determining what the real arrangement between the plaintiff and Dr. Reimer was.

Objected to as incompetent, for the reason that this is a suit brought on an express contract, and the question of boarding is not in issue.

By the Court: The plaintiff seeks to recover on a contract made, and not a quantum meruit, and the question will be on the contract, and I cannot see that this testimony bears at all on the contract; therefore the objection is sustained. Exception and bill sealed. [2]

Defendant offered to show by himself and other witnesses what the average market rates for table board were in the neighborhood in which the plaintiff and Dr. Reimer resided, during the time for which plaintiff seeks to recover in this action, and also to prove what was a fair rental value for the house in which the parties lived, so far as the same was occupied by the plaintiff; this offer being renewed for the purpose of showing, in connection with the evidence already in, the amount paid by

Dr. Reimer on account of all the services rendered by the plaintiff, including boarding and attendance.

Objected to by plaintiff as incompetent, for the reason that this is a suit brought on an express contract, and the question of boarding is not in issue.

By the Court: And for the same reason objection sustained; to wit: the reason given by the court, as set out in the second assignment of error, as follows: The plaintiff seeks to recover on a contract made, and not a quantum meruit, and the question will be on the contract, and I cannot see that this testimony bears at all on the contract; therefore the objection is sustained. Exception and bill sealed. [3]

Defendant's point and answer thereto among others were as follows :

7. Under all the evidence in the case, the plaintiff is not entitled to recover. *Answer :* Refused. (6)

Verdict and judgment for plaintiff for $1,700. Defendant appealed.

*Errors assigned* among others were (2, 3) rulings on evidence, quoting the bill of exceptions; (6) above instruction, quoting it.

*John S. Ferguson*, with him *John S. Robb* and *Bruce Millar*, for appellant.—In an action for the breach of a parol contract for the conveyance of land for money paid and services rendered, the damages are to be measured by the amount of the consideration and not by the value of the land. The plaintiff cannot recover damages for the loss of the bargain : Jack v. McKee, 9 Pa. 235 ; Hertzog v. Hertzog, 34 Pa. 418 ; Allison v. Montgomery, 107 Pa. 460 ; Dumars v. Miller, 34 Pa. 319.

Claims against a dead man's estate which might have been made against the dead man himself while living, are always subjects of just suspicion: Carpenter v. Hays, 153 Pa. 432; Graham v. Graham, 34 Pa. 475 ; Mueller's Est., 159 Pa. 590.

*S. R. Huss*, for appellee, cited: Kauss v. Rohner, 172 Pa. 481; Thompson v. Stevens, 71 Pa. 169; Miller's App., 100 Pa. 568 ; Heath v. Slocum, 115 Pa. 549 ; Trust Co. v. Gillespie, 115 Pa. 564.

OPINION BY MR. JUSTICE WILLIAMS, January 4, 1897:

The plaintiff's claim in this case is for services rendered in the nursing and care of defendant's intestate, in pursuance of a parol contract. The plaintiff asserts that Dr. George O. Reimer having reached old age, and finding himself too infirm to continue the practice of his profession, made a contract with her to board, nurse and care for him during the remainder of his life. The terms of the alleged contract were that Dr. Reimer should build a house upon a lot owned by him, containing eight rooms. Four of these were to be for his own use, and four for the use of Mrs. Smith and her family. Here she was to board and nurse him while he lived, and he was to pay her six dollars per week for his board and give her the house for the care and attention he might require. He built the house as proposed and took possession of four of the rooms. The other four were taken possession of by Mrs. Smith and her family, and the occupancy was unchanged during his life. She began the board and care of Dr. Reimer in 1883 and continued her services until his death in 1891. During the last four years of his life he suffered greatly from disease, including paralysis, and became almost helpless. The services required of Mrs. Smith became more severe and unpleasant, and were frequently loathsome. He died without having secured the house to Mrs. Smith by will or any other form of conveyance. The contract having been wholly parol could not now be specifically enforced because of the statute of frauds. The plaintiff seeks to recover in this action for the services rendered under the contract; not the contract price, but the reasonable value of the nursing and attendance. The boarding, except for the last week of the doctor's life, had been settled for by the parties during the entire eight years, without any disagreement. So much of the contract as related to this subject was not in controversy. The jury had therefore to inquire in the first place whether Mrs. Smith had nursed and attended Dr. Reimer under a promise that she should be paid for her services; and if so, what the services so rendered were reasonably worth. This was the limit of the controversy as made by the pleadings and the evidence. The evidence on the part of the plaintiff was sufficient to take these questions to the jury. The defendant then offered inter alia to show by witnesses what was the

average price per week for board in the neighborhood in which the parties lived, and what would be a fair rental for the part of the house occupied by Mrs. Smith. This was objected to because no question about the price of board was raised, and it had been paid for regularly during the whole time it had been furnished. The objection was sustained and the rejection of this evidence constitutes the first assignment of error. The same proof was again offered for the purpose of showing " the amount paid by Dr. Reimer on account of all the services rendered by the plaintiff including boarding and attendance." It was again objected to, and again excluded, and the exclusion is the subject of the third assignment of error. These assignments have been earnestly pressed upon our attention, but we are not persuaded that the evidence offered was relevant to any question properly before the jury. If the services for which the plaintiff sued had been rendered under a promise that they should be paid for, the plaintiff was entitled to recover whatever they were reasonably worth. The average price paid for board in that neighborhood had really nothing to do with the subject in controversy. The same thing is true of the value of the rental for the part of the house occupied by Mrs. Smith. There was nothing to show that rent was to be paid, or that it had ever been considered by the parties. The services to be performed under the alleged contract, and that were actually rendered by the plaintiff, were of a character that made the presence of Mrs. Smith near the person of her charge absolutely necessary. Their relations according to the evidence were not those of landlord and tenant, but of master and servant, a comparatively helpless invalid, and an almost constant attendant. There was nothing in the case as the evidence stood when these offers were made and rejected, that made them relevant to the questions in controversy, and their admission would have tended to confuse and mislead, rather than to aid the jury. On an examination of the whole case, we are unable to sustain the assignments of error. The case was well tried by the learned judge of the court below, and the judgment is now affirmed.